H&S Management Company Inc. Case number 23484. Thank you. Counsel, hold on one second. Please proceed. Good morning. Good morning, Your Honours. May it please the court, Dr. Kissinger, Subbandar, proceeding for the appellant, Your Honours, we respectfully ask that this case be remanded for evidentiary hearing consistent with the fact that the appellant had been given appointed counsel for six times, and then when it came from the summary judgment she was denied appointed counsel. So the judge in that matter wrote a very thorough, in my view, thorough opinion, legal-wise, on why he gave a summary judgment against her. But it wasn't thorough in the fact that it has holes in which Ms. Reynolds could not adduce her facts because she did not have appointed counsel. I think if we look at the case of Hodges v. Police Officers, this court say that you look at two things. You look at the merits when you decide as a district judge, you look at the merits, and then you inquire the applicant if they have searched for . . . So I'm sympathetic to the argument, but first of all, the district court, am I right, denied pro bono counsel at the summary judgment stage without prejudice? Your Honour, I think it was . . . Without prejudice. It was without prejudice. If anything, was that explained to your client? In any event, what, if anything, did she do to try to obtain counsel thereafter? Your Honour, I wasn't her counsel for the trial. I'm just a pallet, but at that point she did not have counsel, and one of the issues, Your Honour, is that she suffers from the mental obvious by some of the illusions of seeing demons and stuff. He denied . . . The district court denied counsel on two reasons. One, that the merits were not strong enough, and two, that she hadn't done enough to look for counsel. That was dubious in my judgment, but when they did that without prejudice, that gave her a chance to look for counsel, and so that made up for any dubiety in that judgment, didn't it? Your Honour, to the degree that I think as a layperson, she does not understand what with prejudice or without prejudice actually means. I don't think she even knew what the judge was saying to her. She could still look for counsel. I beg your pardon? If she had corrected those deficiencies, that is why I said the small mistakes she made can be corrected by her being reprimanded, because I think the district judge . . . The sixth time she had appointed counsel, I think the district judge was saying that, I see a case here that should be going on, and I think reprimanding it for evidential to say, can you show us that you looked for counsel, I think would be appropriate and wouldn't offend the judge. Was there any evidence that you're . . . I'll just ask this, that you're aware of, that she would have been able to marshal with the benefit of counsel in order to oppose summary judgment? Your Honour, I think if we look into the merits, you have three claims. You have the ADA, you have the disparate treatment, and you have the religion. I think in my looking at those three claims that she has, she's just lacking facts. Facts for the disparate treatment, for the religion, she's lacking facts for the ADA, because when the judge looks at the McDonnell standard of adjudicating an ADA on summary judgment, he clearly says that she did not give a rebuttal facts, because she just didn't do her part, play her part, her role in it. So I think it's a default, Your Honour, but I think . . . My question is, is there any evidence that her employers request that she undergo a fitness test? I mean, you mentioned dementia, but that she undergo a fitness test. Is there any evidence that that was discriminatory based on her religion? From my understanding, Your Honour, she feels that . . . No, no, no, she feels that, but is there any evidence? Is there any admissible evidence that you can point us to? Yes, I would point you to the fact that she says her religion was kind of not allowing her to engage to a certain extent with some of the things that . . . their work environment. She says that she was in an environment which was anti-Christian, or was against her Christian disparate treatment, is how the judge handled the religious Title VII claim. And I feel, Your Honour, that if she had counsel at that late stage, she would have probably . . . And the judge says she only needed a de minimis amount to pass summary judgment. The judge cites the Cronin case. So I feel that if she had counsel at that last stage, she would have crossed the mark, so to speak. All right. Thank you. Thank you. Thank you. Thank you, Your Honours. Good morning, Your Honours. May it please the Court? Adam Leick for the appellee. Adam Leick for the appellee. So there are three issues here. Whether the trial court properly granted summary judgment, whether the court's appointment of prior counsel somehow divested it of its discretion with respect to future appointments, and then whether the court properly exercised that discretion when it determined not to appoint counsel for the trial court for summary judgment. As to its decision granting summary judgment, the court applied the proper standard, and even on appeal, plaintiff's counsel cannot point to any genuine issue of material fact as to whether defendant is entitled to summary judgment. So the trial court properly placed the burden on defendant as the moving party, and it viewed the complaint, which had been drafted by prior pro bono counsel, as having evidentiary value to the extent of plaintiff's personal knowledge, and furthermore, it drew all reasonable inferences in the plaintiff's favour. So thus, that's properly applying the summary judgment standard. And then as to properly applying the McDonnell-Douglas standard, I mean, that is the bedrock standard for these types of employment cases, and there's nothing unique about the McDonnell-Douglas standard in terms of it placing the initial burden on the plaintiff. I mean, that's the default in a civil case. But then on summary judgment, the defendant bears the burden of showing the plaintiff will be unable to meet that burden at trial. And that, again, is the case with any motion for summary judgment. There's nothing unique about the McDonnell-Douglas standard in that sense. And this court has previously upheld unopposed motions for summary judgment that applied McDonnell-Douglas. Now, it's important to note also that the trial court provided plaintiff the opportunity to respond. With respect to Your Honour's question about how its denial was without prejudice, the very last page of, or the very last sentence of the order where it denied the pro bono counsel specifically stated that one of the reasons was because she had not demonstrated that she looked for counsel. So that was very clearly the issue. Is there anywhere else where there was an explanation to her that she could show further that she has tried and hasn't been able to obtain counsel? There's a reference in the court's decision to a conference with the court where the court talked through why it was denying the motion and what the motion for summary judgment process meant. So the court did have some nature of a colloquy with her as well a month before her opposition was due in order to ensure that she was fully apprised of what was expected of her going forward. But so it sounds like no explanation essentially of what without prejudice means there or any invitation to try again to find counsel, and if she can't, that could be a basis to seek appointment. Not that I can point to in writing. At this point, as I said, there were off-the-record conversations between the judge and this pro se plaintiff. So nothing we could look to. No. There. And. Speak into the mic. Sorry. Speak into the mic. I'm sorry, Your Honor. So in terms of the merits of the decision, there was no question that defendant had a legitimate nondiscriminatory reason to refer plaintiff for a fitness for duty exam. The reports that she was hearing or seeing demons and thought that a demon was inhabiting her supervisor, I believe, and being a bus driver who is tasked with public safety that is even more concerning than in other circumstances. So it could not return her to active duty without confirmation that she was not a danger to her passengers. So thus the court properly granted the motion for summary judgment. Now turning to. Let me ask you a question. So there was the court order that was entered saying that it denied, again, without prejudice, her request to appoint counsel in connection with the merits, I believe, of 2022. And then there is a filing in mid-September, September 14, I think, 2022, in which I take it this is from the appellate. The court was already aware within my previous letters I cannot do my own motion for summary judgment. I'm still waiting to hear from the court what is their next step. And that's at AA41. Was there a response to that? I believe the response was the court's decision. That was sent after the timeline to respond to the motion for summary judgment had passed and after the appellant had been counseled both by the court and had received the required notice to pro se litigates. When you say the court's decision, I mean, there's the March 2023 decision. What are you referring to? Yeah, the decision granting summary judgment, Your Honor. Okay. So I have a, I'm slightly confused by something. The district court seemed to deny counsel for two reasons. One, because she hadn't looked hard enough. And two, because the merits didn't warrant it. And, of course, courts do that all the time and their discretion and so on. And if that's what she did, the district court did, very much. But then the court said without prejudice. And if the decision was based on the merits, I don't see how it could have been without prejudice. That decision would have had to be with prejudice. So am I able to say that whatever the court said about deciding that without the merits, it didn't? It decided because she didn't look hard enough. And that then raises the question of whether or without prejudice was explained enough. You see what I'm saying? Yes, I see what you're saying. One of the arguments, I think, we uphold all the time if that's what the court did. Yeah. I think it very clearly did, and it describes that its decision is based off both of those grounds in its decision. And I think if the plaintiff had come forward with further disclosure as to why her case had merit, then the judge may have rethought his determination on the unlikely to succeed ground. So you're saying that without prejudice also went to the merits? Yeah, that's my contention, Your Honor. If she had come with an affidavit stating additional reasons why she felt she was discriminated against, if she had said that individuals made comments suggestive of invidious discrimination, then perhaps the court would have revised its determination and ordered that she have pro bono counsel. And, of course, she had had pro bono counsel drafting her complaint, who would then have, if such evidence existed, would likely have put allegations like that into the complaint. Thank you. May I just ask you another question? You may not know this, and your friend may know the answer, but do you know why prior counsel in the context of the mediation and so on, was that designated for a very specific purpose, and then were they told they could stop representing her, or were there other reasons why they stopped representing her? Both, Your Honor. They were designated for that specific purpose and told it was their choice whether to continue to represent her. That applied, and then they chose not to. And that applies to the attorney who drafted the complaint, and then the attorney who actually represented her at the mediation. They both represented her, fulfilled what was asked of them, and then chose not to continue, which I would maintain is suggestive of there not being significant merit to the case if the attorney takes it, gets into the weeds on it, and then says, well, it's not worth me continuing to represent you on. But then also there's the three who were appointed and then refused, and I think at least one of them, after meeting with her, stated that she was so difficult to work with that that was his reason for refusing to go on. So the judge, I don't know that the judge stated it in his decision, but the judge may have used the prior determinations by counsel that they would not continue to represent her as further evidence that her claim was unlikely to be of substance. Thank you very much. Thank you. Thank you, Your Honor. Your Honor, I'd just like to briefly say that I do not agree with my learned colleague on without prejudice. Without prejudice is clearly you can always come back. The merits have not been decided. And I think, Your Honor, as well, quickly, voyages versus police officers is a second-second case. And I think, Your Honor, as I said even in the previous case, you have authority invested in you. Your cases are fair game. They can be narrowed. They can be expanded. And my concern is that in civil cases, we as lawyers struggle, and people struggle as well with the idea that you don't get a court-appointed attorney in civil cases. So when a judge is saying, I'm appointing a case six times, I think the court has to give some direction to the districts that there's a time when the judge can no longer say to the litigant, I'm not doing it anymore. There's a point where the litigant is actually now dependent on that kind of relationship. Can you answer for me the question that I posed to your friend? What happened with the prior attorneys? He made a representation that at least a few of the appointed attorneys, maybe just one, but at least maybe more, indicated that they could no longer work with your client. And obviously, you're on appeal. You're able to work with her at some level. Your Honor, we submitted in the appendix at point AA22 to AA23, and that is the judge going through the narrative of the court-appointed attorneys. And the first attorney only did the amended complaint, and he left. And the second attorney comes back. He helps with the settlement, and he leaves. Some of the reasons are because they feel that she's difficult to deal with, I guess given the invisible disability, which should be expected because I think unless a lawyer has some kind of sensitivity training, it can be difficult for him to be an advocate. But I think the judge appointing six times without the appeals court saying, we won't touch the facts, I think that speaks for itself. Well, on that, I mean as a district judge, sometimes to get pro bono counsel involved might require a limited appointment. Pro bono counsel often will take on drafting a complaint, take a deposition, a mediation, but to take any of that on, meaning a full commitment, might quite deter pro bono counsel from volunteering their services. You're suggesting that we should say some version of you can't appoint for limited purposes, or after several limited purposes, you have to appoint for all purposes? What rule are you asking us to . . . I'm asking specifically on this case, not a broad, abstract rule. I'm asking for this case that when it's remanded, the court be asked, do you have an evidential hearing to see if it can appoint an attorney for the summary judgment to offer some pleadings in that sense? I think your honors have some leeway to shine the diamonds that you have already plowed from the ground. Organs versus police officers, I think it's a great case. But I think now we have evolved to a point where we now have to have your honors step in and say you give them appointing counsel six times. You should be careful that the litigant is not dependent on the court. And you refer in your brief to just a quick point, because I was confused, to stare decisis as the doctrine on which we should rely. But do you mean the law of this case that is the prior appointment of counsel? I'm saying them, your honors. I'm sorry to interrupt you. I'm saying that the district judge has stare decisis that his own decisions, as it goes along, they become more and more difficult for him to just do away with because they have the stare decisis that sets in. In his own decision making within this case? Yes, at the trial level. Thank you very much. Thank you, sir. Thank you.